IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HONORABLE JOHN SIEFERT,

                Plaintiff,

     v.

JAMES C. ALEXANDER, in his official capacity as the Executive Director of the Wisconsin Judicial Commission; LARRY BUSSAN, in his official capacity as administrative assistant for the Wisconsin Judicial Commission; GINGER ALDEN, in her official capacity as a Member of the Wisconsin Judicial Commission; DONALD LEO BACH, in his official capacity as a Member of the Wisconsin Judicial Commission; JENNIFER MORALES, in her official capacity as a Member of the Wisconsin Judicial Commission; JOHN R. DAWSON, in his official capacity as a Member of the Wisconsin Judicial Commission; DAVID A. HANSHER, in his official capacity as a Member of the Wisconsin Judicial Commission; GREGORY A. PETERSON, in his official capacity as a Member of the Wisconsin Judicial Commission; WILLIAM VANDER LOOP, in his official capacity as a Member of the Wisconsin Judicial Commission; MICHAEL R. MILLER, in his official capacity as a Member of the Wisconsin Judicial Commission; JAMES M. HANEY, in his official capacity as a Member of the

ORDER

08-cv-126-bbc

Wisconsin Judicial Commission,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff John Siefert is a Milwaukee County Circuit Court judge challenging on free speech grounds three canons of the Wisconsin code of judicial conduct that prohibit him from joining a political party, endorsing a partisan candidate and personally soliciting campaign funds. Wisconsin Supreme Court Rule 60.06(2)(b)(1), 60.06(2)(b)(4) and 60.06(4). He relies primarily on Republican Party of Minnesota v. White, 536 U.S. 765 (2002), in which the Supreme Court struck down a rule prohibiting judicial candidates from "announcing" their positions on issues that might come before their courts and Republican Party of Minnesota v. White, 416 F.3d 738 (8th Cir. 2005), the same case on remand, in which the court struck down rules prohibiting judges and judicial candidates from participating in partisan activities and personally soliciting contributions. Like Minnesota, Wisconsin chooses its state court judges through nonpartisan elections.

Plaintiff has moved for a preliminary injunction so that he may immediately join the Democratic party, endorse political candidates and begin personally soliciting contributions from potential donors. A hearing was held on plaintiff's motion before this court on May 30, 2008. Plaintiff appeared by James Bopp, Jr.; defendants appeared by Jennifer Sloan Lattis.

2

With respect to the prohibitions on party membership and endorsements of candidates, defendants emphasized at the hearing the difference between judicial and political elections and the state's interest in keeping judges free from political influences. Plaintiff argued the importance of a judicial candidate's free speech right to communicate matters to voters that will help them make informed decisions and the inconsistency between the state's restrictions on political affiliation and the more flexible standards regarding relationships with interest groups.

Defendants' justification for the restrictions on soliciting is that potential donors may feel coerced by a personal request for a contribution by a judicial candidate. Plaintiff's view is that minimizing such feelings is not a compelling state interest and that there is no reasonable distinction between personal solicitation by legislative and executive candidates, which is permitted, and judicial candidates, which is not permitted.

To obtain a preliminary injunction, plaintiff must show not only that he has some likelihood of success on the merits, but also that the balance of hardships favors granting immediate relief. Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998). It is on this second part of the test that plaintiff fails. He has not identified a persuasive reason for disrupting the status quo at this time. As defendants point out, plaintiff has been subject to the judicial code of conduct for many years. He asserts no particular reason why he suddenly will be irreparably harmed if he is unable to join a

political party and make personal requests for donations immediately. This is especially true with respect to his challenge to the solicitation clause; the next election is still several years away. On the other hand, granting plaintiff's motion now could cause significant disruption to the legal community in the state. Accordingly, I conclude that the wiser course is to allow the parties to fully develop the facts and legal arguments before addressing the constitutionality of the canons.

ORDER

IT IS ORDERED that plaintiff John Siefert's motion for a preliminary injunction is DENIED.

Entered this 2nd day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4