IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HONORABLE JOHN SIEFERT,

                Plaintiff,

    v.

JAMES C. ALEXANDER, in his official capacity as the Executive Director of the Wisconsin Judicial Commission; LARRY BUSSAN, in his official capacity as administrative assistant for the Wisconsin Judicial Commission; GINGER ALDEN, in her official capacity as a Member of the Wisconsin Judicial Commission; DONALD LEO BACH, in his official capacity as a Member of the Wisconsin Judicial Commission; JENNIFER MORALES, in her official capacity as a Member of the Wisconsin Judicial Commission; JOHN R. DAWSON, in his official capacity as a Member of the Wisconsin Judicial Commission; DAVID A. HANSHER, in his official capacity as a Member of the Wisconsin Judicial Commission; GREGORY A. PETERSON, in his official capacity as a Member of the Wisconsin Judicial Commission; WILLIAM VANDER LOOP, in his official capacity as a Member of the Wisconsin Judicial Commission; MICHAEL R. MILLER, in his official capacity as a Member of the Wisconsin Judicial

ORDER

08-cv-126-bbc

1

Commission; JAMES M. HANEY, in his
official capacity as a Member of the
Wisconsin Judicial Commission,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff John Siefert is a Wisconsin state court judge challenging on First Amendment grounds three provisions in the Wisconsin Code of Judicial Conduct that prohibit him from joining a political party, endorsing partisan candidates for office and personally soliciting contributions for his own campaigns. Wisconsin Supreme Court Rule 60.06(2)(b)(1), 60.06(2)(b)(4) and 60.06(4). A review of the parties' cross motions for summary judgment raises a question regarding the justiciability of one of plaintiff's claims. <u>National Park Hospitality Association v. Dept. of the Interior</u>, 538 U.S. 803, 808 (2003) (court may raise issues of justiciability on its own motion).

      Plaintiff does not allege that he has violated the three rules yet and defendants have not explicitly threatened plaintiff with discipline if he does, but that is not the problem. "When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a [disciplinary] prosecution as the sole means of seeking relief." <u>Babbitt v. United Farm Workers National Union</u>, 442 U.S. 289, 298-99 (1979) (internal quotations omitted).

2

Further, the threat to prosecute need not be explicit. "A plaintiff who mounts a pre-enforcement challenge to a statute that he claims violates his freedom of speech need not show that the authorities have threatened to prosecute him; the threat is latent in the existence of the statute." Majors v. Abell, 317 F.3d 719, 721 (7th Cir. 2003) (internal citations omitted).

In this case, there is no question that plaintiff's proposed activities would violate the judicial code of conduct. Further, defendants have "not suggested that the [rules] will not be enforced, and [I] see no reason to assume otherwise." Virginia v. American Booksellers Association, Inc., 484 U.S. 383, 393 (1988).

The problem is not that plaintiff has failed to show that defendants will enforce violations of the judicial code of conduct, but that he has not shown that he is likely to engage in activities that violate each of the rules at issue in this case. He has two of the three rules covered. The facts show that plaintiff would likely join a political party and begin personally soliciting contributions if permitted by the rules. Plaintiff avers in his affidavit that he would join the Democratic party if it were not for SCR 60.06(2)(b)(1). Plt.'s Aff. ¶11, dkt. #34. Although he is not up for reelection until 2011, he avers that he would "solicit contributions to retire debt from his 1999 campaign" if it were not for SCR 60.06(4). Id. at ¶ 54

The potential problem relates to plaintiff's challenge to SCR 60.06(2)(b)(4), which

3

prohibits judges from "[p]ublicly endors[ing] or speak[ing] on behalf of [a party's] candidates or platforms." Plaintiff says he "would like to publicly support Senator Barack Obama for President in the upcoming Presidential election, and would like to be able to publicly support other candidates in other races as desired." Plt.'s Aff. ¶17 dkt. #34.

The parties' motions for summary judgment did not become ripe until just before the Presidential election was held. Now that Barack Obama has won the election, plaintiff's desire to support the President-elect's past candidacy is moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (claim must "be dismissed as moot when, by virtue of an intervening event," court "cannot grant any effectual relief whatever in favor of" plaintiff). Plaintiff suggests generally that he would like to support "other candidates," but that is not enough. Under Renne v. Geary, 501 U.S. 312, 321 (1991), when the alleged First Amendment injury is the inability to endorse a candidate, the claim is not ripe unless the plaintiff can point to a "particular candidate" he wishes to endorse in the future.

It may be that plaintiff has other candidates in mind, that he still wishes to "speak on behalf" of President-elect Obama's "platform" or that he can show his claim is "capable of repetition yet evading review." Davis v. Federal Election Commission, 128 S. Ct. 2759, 2769 (2008). However, I cannot simply assume any of these possibilities; plaintiff must make the necessary showing. Accordingly, I will give plaintiff an opportunity to supplement his summary judgment materials to show that his challenge to SCR 60.06(2)(b)(4) remains

4

justiciable.

Plaintiff's summary judgment materials raise one other question relating to plaintiff's choice of defendants. Plaintiff has sued each member of the Wisconsin Judicial Commission in his or her official capacity, presumably because it is the commission collectively that enforces the Wisconsin Code of Judicial Conduct. Wis. Admin. Code §§ JC 4.08 and 6.01. However, plaintiff has sued one nonmember as well, defendant Larry Bussan, who is the administrative assistant for the commission. Plaintiff does not explain in his briefs or proposed findings of fact why Bussan was included in this case. Unless he has authority to enforce the code of conduct, it is difficult to understand how he could be personally involved in any alleged constitutional violations. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995) ("An official satisfies the personal responsibility requirement of section 1983" if he "know[s] about the conduct and facilitate[s] it, approve it[s], condone[s] it, or turn[s] a blind eye.); see also Shidler v. Moore, 409 F. Supp. 2d 1060 (N.D. Ind. 2006) (secretary who notified plaintiff of allegedly unconstitutional policy could not be held liable under § 1983 as "a low level employee who neither made nor could repeal the policy"). Accordingly, I will direct plaintiff to show cause why defendant Bussan should not be dismissed from the case.

ORDER

5

IT IS ORDERED that plaintiff John Siefert may have until November 20, 2008 to: (1) file and serve additional evidence and argument showing that a case or controversy exists with respect to his claim that Wisconsin Supreme Court Rule 60.06(2)(b)(4) violates his right to free speech; and (2) show cause why defendant Larry Bussan should not be dismissed from the case.  Defendants may have until November 26, 2008 to file a response.  If plaintiff does not respond to this order by November 20, I will dismiss his claim challenging SCR 60.06(2)(b)(4) as nonjusticiable and will dismiss defendant Bussan from the case.

Entered this 7th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge