IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HONORABLE JOHN SIEFERT,

                Plaintiff,

    v.

JAMES C. ALEXANDER, in his official
capacity as the Executive Director of the
Wisconsin Judicial Commission;
GINGER ALDEN, in her official capacity
as a Member of the Wisconsin Judicial Commission;
DONALD LEO BACH, in his official capacity as a
Member of the Wisconsin Judicial Commission;
JOHN R. DAWSON, in his official capacity as a
Member of the Wisconsin Judicial Commission;
DAVID A. HANSHER, in his official capacity as
a Member of the Wisconsin Judicial Commission;
GREGORY A. PETERSON, in his official capacity
as a Member of the Wisconsin Judicial Commission;
WILLIAM VANDER LOOP, in his official capacity
as a Member of the Wisconsin Judicial Commission;
MICHAEL R. MILLER, in his official capacity as a
Member of the Wisconsin Judicial Commission;
JAMES M. HANEY, in his official capacity as a
Member of the Wisconsin Judicial Commission,

                Defendants.

ORDER

08-cv-126-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On September 8, 2010, the court received the mandate from the Court of Appeals for

1

the Seventh Circuit, affirming in part and reversing in part the judgment in this case. Dkt. #93. In particular, the court of appeals affirmed the judgment with respect to this court's conclusion that SCR 60.06(2)(b)1 violated the First Amendment by prohibiting judges and judicial candidates from joining a political party; it reversed the judgment with respect to the conclusion that SCR 60.06(2)(b)4 and SCR 60.06(4) violated the First Amendment by prohibiting partisan endorsements and personal solicitations. Accordingly, the clerk of court will be directed to enter an amended judgment reflecting the decision of the court of appeals.

Plaintiff filed a motion for attorney fees after I granted his motion for summary judgment, but took no action on the motion because I approved the parties' stipulation to stay consideration until the appeal was resolved. Dkt. #82. Because plaintiff's fee petition was premised on a conclusion that he had succeeded on all three of his challenges, I will deny the motion as moot. If the parties wish to file a new request for fees or costs, they may have until October 18, 2010 to do so, unless either side seeks review in the Supreme Court. In that case, the parties may have until 30 days after the resolution of any Supreme Court proceedings to file a petition.


ORDER

2

IT IS ORDERED that

1.  The clerk of court is directed to enter an amended judgment, granting judgment in favor of defendants on plaintiff John Siefert's claims that SCR 60.06 (2)(b)4 and SCR 60.06(4) violate the First Amendment. The judgment shall remain the same in all other respects.

2. Plaintiff's motion for attorney fees, dkt. #73, is DENIED as moot.

3. The parties may have until October 18, 2010 or until 30 days after any proceedings in the Supreme Court, whichever is later, to file a petition for costs or fees or both.

Entered this 16th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3